(Daniel P. Lynch *v.* George Dearth.)

his part, and compel the vendor to pay back what he has receiv-
ed, and keep the land; and yet that is, in effect, what is asked in
this case.

Judgment reversed, and judgment for the plaintiff.

———••◎●◎••———

## BASIL BROWN *against* BASIL BRASHIER.

### IN ERROR.

In an action of slander, it is sufficient if the words be laid to have been spoken "in·
the *presence* of divers citizens," although it be not laid to have been within their
*hearing.*

It is not good ground, upon which to reverse a judgment, upon an award of arbi-
trators, that the notice to one of the arbitrators of the time and place of meeting,·
was not served fifteen days *before* the day of meeting.

Nor is it good ground to reverse such a judgment, that the award was made on a day
to which the arbitrators had adjourned, and of which the defendant had no notice;
if he was present at the choice of the arbitrators, and the fixing of the day of meet-
ing.

Error to the Common Pleas of *Fayette* county.

This was an action of slander, brought by *Basil Brashier*, the·
defendant in error, against *Basil Brown;* in which the plaintiff
thus set out his complaint, in his declaration: "These false, feigned
and malicious, and scandalous words, following, of the said *Basil
Brashier*, in the presence of divers citizens of the said common-
wealth, falsely and maliciously did say speak and with a loud voice
proclaim, to wit, &c."

On the 22d December, 1828, the plaintiff entered a rule to choose
arbitrators on the 10th January following, when the parties, by
their attorneys appeared, and chose *H. Heaton, Roberts Barton*
and *Robert Patterson* as arbitrators, to meet on the 3d February.
This order was not served upon *H. Heaton* and *Roberts Barton*
until the 19th of January. On the 3d February, the day appoint-
ed, *H. Heaton* and *Robert Patterson* attended; the third arbitra--
tor not attending, nor the defendant, they two made choice of
*Robert Alexander* in the room of *Roberts Barton*, and after
being sworn, heard part of the evidence on that day, and adjourned
to meet the next day; when they did meet, and after having heard
the plaintiff's attorney and some testimony, two of the arbitrators,
*H. Heaton* and *Robert Patterson*, made an award against the
defendant for $200, and costs. The following entry, without
date, was made upon the docket, "defendant claims a stay of exe-
cution, he being a freeholder."

The defendant moved in the Court below to set aside the award.

(Basil Brown *v.* Basil Brashier.)

1. The award was made by those who were not legally appointed arbitrators.

2. Fifteen days' notice, as the law requires, was not given by the plaintiff to the arbitrators, previously to the day of meeting.

3. The award was made on a day of meeting of the arbitrators, of which the defendant had no notice.

The Court refused to set aside the award, when this writ of error was sued out; and the reasons for setting aside the award, were here assigned for error. And also,

4. The words are not alledged to have been spoken in the hearing of any one.

*Kennedy* for the plaintiff in error.

*Austin* for defendant in error.

Judgment affirmed.

———————

THOMAS BAVINGTON and others *against* JAMES CLARKE.

IN ERROR.

A judgment against a tenant in common, does not prevent a partition, at his instance against whom the judgment is, or that of any other of the tenants. If partition is made, the lien of the judgment will attach to the part allotted to the defendant in the judgment. So also in case of a mortgage on an undivided share of land.

In such case, a partition may be made without suit, if fairly done.

Where any one, even an infant, does that which by law he is compellable to do, such as making equal partition, he is bound.

Where land is confirmed by the Orphans' Court, in a proceeding on a writ of partition and valuation, to the eldest son, such confirmation is not conclusive evidence that the title to the land is thereby vested absolutely in him; it is competent, on the trial of an ejectment for the land, for the other heirs to shew, that the land was confirmed to him under an agreement between all the heirs, by which a trust was established. And this may be shewn even in an ejectment brought by one who purchased the land at sheriff's sale, as the property of the eldest son, upon a judgment obtained against him after the confirmation by the Orphans' Court, leaving it to the jury to determine, whether he is an innocent purchaser, without notice of such agreement.

If in such a case of confirmation by the Orphans' Court, no recognizance were taken, it would vest no title in him to whom the land was confirmed.

WRIT of error to the Common Pleas of Washington county.

This was an action of ejectment brought by *James Clarke* the defendant in error, against *Thomas Bavington* and others, heirs of *John Bavington,* deceased, for 400 acres of land. Both plaintiff and defendants claimed under the title of *John Bavington,* deceased. The plaintiff, to sustain the issue on his part, gave in evidence,

Pen. & W.
2pw115
135 372
Pen & W
2pw115
158 184
2pw115
179 161
2pw115
184 501